**KRISS & FEUERSTEIN LLP**
Jerold C. Feuerstein, Esq.
Daniel N. Zinman, Esq.
360 Lexington Avenue, Suite 1200
New York, NY 10017
(212) 661-2900
(212) 661-9397 – facsimile
jfeuerstein@kandfllp.com
dzinman@kandfllp.com

*Attorneys for the State Court Defendants*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Chapter 11

    Flushing Landmark Realty LLC,        Case No: 8:20-73302-REG

                       Debtor.
------------------------------------------------------------X

**STATE COURT DEFENDANTS' MOTION FOR AN ORDER CONFIRMING THE AUTOMATIC STAY IS INAPPLICABLE TO STATE COURT DEFENDANTS' MOTION TO DISMISS STATE COURT COMPLAINT IN WHICH THE DEBTOR IS ALSO A DEFENDANT, OR, IN THE ALTERNATIVE, SEEKING RELIEF FROM THE AUTOMATIC STAY, AND WAIVING THE 14 DAY STAY, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 362(a), AND (d) AND BANKRUPTCY RULE 4001**

TO THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:

      Wu Commercial Owner LLC, SDF34 Flushing Sanford LLC, SDF34 Flushing Sanford II LLC, Landmark Tower Debt Parent LLC, Victoria Towers LLC, and Emigrant Realty Finance LLC (collectively, the "State Court Defendants"), by and through its attorneys, Kriss & Feuerstein LLP, respectfully submits this motion (the "Motion") for an order confirming that the automatic stay is inapplicable to the State Court Defendants' pending motion to dismiss the complaint (the "Complaint") filed in *American Chengyi Investment Management Group, Inc. v. Victoria Towers Development Corp., et al.* (Index No. 711850/2020) (the "Chengyi Queens Action") against, among others, the State Court Defendants and Flushing Landmark Realty LLC, the above

captioned debtor and debtor-in-possession (the "Debtor") or, in the alternative, granting relief from the automatic stay, and waiving the 14 day stay, pursuant to Sections 105(a) and 362(a) and (d) of Title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and granting such other and further relief as this honorable Court may deem just and proper.

## PRELIMINARY STATEMENT

1. In the Chengyi Queens Action, American Chengyi Investment Management Group, Inc. ("Chengyi") filed suit against the State Court Defendants, the Debtor and others. A few days before the Debtor filed for bankruptcy, the State Court Defendants filed a motion to dismiss the complaint in the Chengyi Queens Action. The Motion to Dismiss is not directed against the Debtor. Indeed, if the Motion to Dismiss is granted, the Debtor (and its creditors) could benefit, in that the dismissal could result in the dismissal of one or more claims in which the Debtor is also a defendant. For this reason, the State Court Defendants respectfully submit that prosecution of the Motion to Dismiss would not violate the automatic stay. In the alternative, the State Court Defendants should be granted relief from the automatic stay to allow them to prosecute the Motion to Dismiss.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 & 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105, 362(a) and 362(d) and Bankruptcy Rule 4001.

## BACKGROUND

**I.      Overview of the Properties and Mortgage Liens**

4.      Chengyi, the plaintiff in the State Court Action, holds mortgage lien(s) on those certain condominium units located at 133-38 Sanford Avenue, Flushing, New York known as Block 5121, Lots 1104-1107, 1109-1110, 1112-1114, 1116, 1118-1121, 1123, 1125-1144, 1146, 1147, 1149-1150, 1152-1158, 1160-1162, 1164, 1167-1191, 1198-1201 (collectively, the "Residential Units") **only**.

5.      The State Court Defendants have (or had) mortgage lien(s) on **the Residential Units, plus others, including certain commercial properties** (collectively, the "Properties"), namely, those certain condominium units located at 133-38 Sanford Avenue known as Block 5121, Lots 1103-1201 ("Lots 1103-1201"), plus 41-60 Main Street, Flushing, New York (Block 5121, Lot 20) ("Main Street" and/or "Lot 20").  Wu Commercial Owner LLC, one of the State Court Defendants and which has no affiliation with the Debtor, currently owns two of the Properties:  the parking lot unit and the commercial condominium unit at 133-38 Sanford Avenue, Flushing, NY.  One or more of the other Properties are owned by the Debtor.

**II.     The State Court Litigations**

6.      The differing extent of the liens amongst Chengyi and the State Court Defendants has resulted in extensive litigation in multiple cases over the relative priorities, the marshaling doctrine and other issues.

7.      On September 20, 2017, Chengyi commenced an action in the New York County Supreme Court captioned, *American Chengyi Investment Management Group, Inc. v. SDF34 Flushing Sanford LLC, et al.*, Index No. 655948/2017 (the "Chengyi New York Action"), to, among other things, direct the senior lenders to enforce their remedies first against the Commercial Units in which Chengyi does not have a mortgage interest under the marshalling doctrine.

8. On or about July 12, 2018, Landmark Tower Debt Parent LLC, one of the State Court Defendants, filed a foreclosure action against the Debtor and others in the Queens County Supreme Court captioned *Landmark Tower Debt Parent LLC v. Victoria Towers Development Corp., et al.*, Index No. 710695/2018 (the "Senior Foreclosure Action"). Chengyi was named a party defendant in the Landmark Parent Foreclosure Action in order to extinguish Chengyi's subordinate mortgage liens in certain of the Properties. In response, Chengyi interposed an answer that, in part, raised the same issues it raised in the Chengyi New York Action.

9. Based on a motion by the defendants in the Chengyi New York Action, by Short Form Order dated October 30, 2019 (the "Stay Order"), Hon. Tanya R. Kennedy, J.S.C. ("Justice Kennedy"), among other things, stayed the Chengyi New York Action in the interest of justice, pursuant to CPLR 2201, to allow the issues to be resolved in the Senior Foreclosure Action.

10. On or about December 24, 2019, the Hon. Richard J. Latin entered an order granting summary judgment, default judgment and order of reference in the Senior Foreclosure Action, over the objection of Chengyi. The Senior Foreclosure Action has been stayed due to the bankruptcy filings of several of the defendants in that action, including the Debtor.

11. Notwithstanding the Chengyi New York Action being stayed in favor of the Senior Foreclosure Action, on or about July 31, 2020, Chengyi initiated the Chengyi Queens Action against the State Court Defendants and the Debtor, among others. In the Chengyi Queens Action, Chengyi raised the same facts and circumstances as the Chengyi New York Action and its answer in the Senior Foreclosure Action. In addition, in connection with the Chengyi Queens Action, Chengyi filed a Notice of Pendency against the Properties.

12. On or about October 26, 2020, the State Court Defendants filed a motion to dismiss the Chengyi Queens Action (the "Motion to Dismiss"), which, if granted, could result in the

4

dismissal of one or more causes of action in which the Debtor is also a defendant. A copy of the Motion to Dismiss is attached hereto as **Exhibit "1"**.[1] More information related to the underlying loans, litigation and related matters is contained in the Motion to Dismiss, which is incorporated herein by reference.

### III. The Bankruptcy Filing

13. On or about October 30, 2020, the Debtor filed for bankruptcy in this Court under Chapter 11 of the Bankruptcy Code.

### RELIEF SOUGHT

14. This Court should enter an order that the automatic stay does not apply to the prosecution of the State Court Defendants' Motion to Dismiss or, in the alternative, that the automatic stay should be lifted to allow the State Court Defendants to prosecute their Motion to Dismiss pursuant to Bankruptcy Code Sections 105(a) and 362(a) and (d), and Bankruptcy Rule 4001, and for such other and further relief as this deems just and proper.

### DISCUSSION

### I. The Automatic Stay Does Not Apply to Section 362(a) of the Bankruptcy Code.

15. Upon a bankruptcy filing, Bankruptcy Code Section 362 automatically stays actions against the debtor or his property. 11 U.S.C. § 362(a). Among other stayed actions, Section 362 stays:

> **the** commencement or **continuation**, including the issuance or employment of process, **of a judicial, administrative, or other action or proceeding against the debtor** that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

---

[1] The exhibits attached to the Motion to Dismiss are not included in the exhibit due to their length. The State Court Defendants reserve the right to include such exhibits in a reply or introduce them at a hearing, if necessary. Such exhibits are available upon request to the undersigned.

5

11 U.S.C. § 362(a)(1) (emphasis added).  While the Chengyi Queens Action is a judicial proceeding against the Debtor, the Motion to Dismiss is <u>not</u> against the Debtor.  Indeed, if the Motion to Dismiss is granted, one or more claims could be dismissed in which the Debtor is also a defendant.  Accordingly, the automatic stay should not stay prosecution of the Motion to Dismiss filed by the State Court Defendants.

16. "It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). *Accord Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 441 (S.D.N.Y. 2004).  In that vein, several courts have specifically found that actions by co-defendants against plaintiffs in non-bankruptcy litigation are not stayed by the automatic stay imposed upon a bankruptcy filing by a different defendant.  In *MacBagito v. Crosby Corp.*, No. PJM 18-3699, 2020 U.S. Dist. LEXIS 39289, *1 (D. Md. Mar. 5, 2020), the plaintiff filed a complaint against a corporation and an individual.  After the defendants moved to dismiss, the individual defendant filed for bankruptcy.  *Id.* *2.  The court held that it could decide the defendants' motion to dismiss as to the corporation.  *Id.*

17. Similarly, in *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 228 (5th Cir. 1986), a plaintiff had obtained a judgment against a corporation and an individual for monetary damages following a trial.  Cross-appeals to the United States Court of Appeals for the Fifth Circuit (the "<u>Fifth Circuit</u>") followed.  *Id.* at 229.  After briefing, but before oral argument, the Fifth Circuit was informed that the individual defendant had filed for bankruptcy.  *Id.* at 230, n. 4.  The Fifth Circuit ruled that it could go ahead with deciding the appeal as to the corporate defendant, even though the issues on appeal that relate to the corporate defendant were identical to the issues involving the individual debtor defendant.  *Id.*

18. Here, the pertinent facts are essentially the same as these cases. The State Court Defendants filed their Motion to Dismiss Chengyi's complaint in the Chengyi Queens Action, a dismissal that could also dismiss some of the claims in which the Debtor is also a defendant. Based on the foregoing authority, the Debtor's bankruptcy filing does not stay the Motion to Dismiss. Accordingly, the State Court Defendants respectfully submit that this Court should enter an order confirming the automatic stay does not impact the State Court Defendants' prosecution of their Motion to Dismiss.

## II. In the Alternative, if the Automatic Stay Does Apply to the Motion to Dismiss, This Court Should Grant the State Court Defendants Relief From the Stay to Prosecute the Motion to Dismiss.

19. In the alternative, even if this Court were to rule, notwithstanding the foregoing argument, that the Debtor's automatic stay does apply to stay the Motion to Dismiss, this Court should nevertheless grant the State Court Defendants relief from the stay to prosecute the Motion to Dismiss.

20. Under Bankruptcy Code Section 362(d)(1), this Court shall grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of" the movant. 11 U.S.C. § 362(d)(1). The list in Section 362(d)(1) of the Bankruptcy Code is not exhaustive. *See In re Éclair Bakery Ltd.*, 255 B.R. 121, 137 (Bankr. S.D.N.Y. 2000). In determining whether "cause" exists to lift the stay for prepetition litigation, courts may also consider the following factors (the "Sonnax Factors"):

(1) whether relief would result in a partial or complete resolution of the issues,

(2) the lack of any connection with or interference with the bankruptcy case,

(3) whether the other proceeding involves the debtor as a fiduciary,

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,

(5) whether the debtor's insurer has assumed full responsibility for defending the action,

(6) whether the action primarily involves third parties,

(7) whether litigation in another forum would prejudice the interests of other creditors,

(8) whether the judgment claim arising from the other action is subject to equitable subordination,

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,

(10) the interests of judicial economy and the expeditious and economical resolution of litigation,

(11) whether the parties are ready for trial in the other proceeding and

(12) the impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re New York Medical Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Not all of the Sonnax Factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (*citing Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)).

21. Here, the Sonnax Factors overwhelmingly favor granting the State Court Defendants' relief from the automatic stay to prosecute the Motion to Dismiss. Granting relief could resolve the Chengyi Action (if the Motion to Dismiss is granted) (Factor 1). Granting relief would not interfere with this Bankruptcy Case, as the Debtor is not a movant or opponent of the Motion to Dismiss and the causes of action in the Chengyi Queens Action are primarily directed at parties other than the Debtor, who is not a fiduciary. (Factors 2, 3 and 6). For the same reason, granting relief would not prejudice other creditors and, indeed, could benefit other creditors, since if the Motion to Dismiss is granted, one or more causes of action in which the Debtor is also a defendant, could be dismissed. Even if the Motion to Dismiss is denied, the Debtor and the Creditors are no worse off than they are now, as prosecution of the Motion to Dismiss does not require the Debtor to incur any legal fees (Factors 7, 8 and 9). Denying the stay, however, would leave a notice of pendency on the Properties, which could interfere in any potential sales of the Properties. In

sum, the interests of judicial economy and expeditious resolution of the litigation, and the balance of the harms strongly favors granting the State Court Defendants relief from the stay to prosecute the Motion to Dismiss (Factors 10 and 12).

## RESERVATION OF RIGHTS AND NOTICE

22. The State Court Defendants expressly reserve their right to amend or supplement this Motion, to introduce evidence supporting this Motion at the hearing on the Motion, and to file additional and supplemental objections as the State Court Defendants deem advisable.

23. Notice of this Motion has been provided to the Office of the United States Trustee, Debtor, the Debtor's counsel and to all creditors of the Debtor entitled to notice in this Chapter 11 case, including Chengyi (through its counsel in the Chengyi Queens Action). In light of the nature of the relief requested, the State Court Defendants submit that no other or further notices need be provided.

24. No previous application for the relief sought herein has been filed before this Court in this case.

**[The remainder of this page is left intentionally blank]**

**WHEREFORE**, the State Court Defendants hereby request that this Court enter an Order: confirming that the automatic stay is inapplicable as to the Motion to Dismiss or, in the alternative, granting relief from the automatic stay to permit the State Court Defendants to prosecute their Motion to Dismiss, waiving the 14 day stay of execution rule pursuant to Rule 4001(a), and granting such other and further relief as this honorable Court may deem just and proper.

Dated: New York, New York
      November 20, 2020

                              KRISS & FEUERSTEIN LLP
                              *Attorneys for the State Court Defendants*

By:    */s/ Jerold C. Feuerstein*
          Jerold C. Feuerstein, Esq.
          Daniel N. Zinman, Esq.
          360 Lexington Avenue, 12th Floor
          New York, New York 10017
          (212) 6661-2900
          (212) 661-9397 – facsimile
          jfeuerstein@kandfllp.com
          dzinman@kandfllp.com