| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>In re:<br><br>LUCKY STAR-DEER PARK, LLC,<br><br>                       Debtor.<br>-------------------------------------------------------------X | RETURN DATE: **1/11/21**<br>TIME: **10:00 a.m.**<br><br>Chapter 11<br>Case No.: 20-73301-reg |
| -------------------------------------------------------------X<br>In re:<br><br>FLUSHING LANDMARK REALTY L.L.C.,<br><br>                       Debtor.<br>-------------------------------------------------------------X | Chapter 11<br>Case No.: 20-73302-reg |
| -------------------------------------------------------------X<br>In re:<br><br>VICTORIA TOWERS DEVELOPMENT CORP.,<br><br>                       Debtor.<br>-------------------------------------------------------------X | Chapter 11<br>Case No.: 20-73303-reg |
| In re:<br><br>QUEEN ELIZABETH REALTY CORP.,<br><br>                       Debtor.<br>-------------------------------------------------------------X | Chapter 11<br>Case No.: 20-73327-reg |

### DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING <u>JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES</u>

TO:    HON. ROBERT E. GROSSMAN
          UNITED STATES BANKRUPTCY JUDGE

Lucky Star-Deer Park, LLC ("Lucky Star"), Flushing Landmark Realty L.L.C., ("Flushing"), Victoria Towers Development Corp., ("Victoria") and Queen Elizabeth Realty Corp., ("QERC"), affiliated debtors, by and through their proposed counsel, respectfully submits this as and for their application (the "Application") seeking the entry of an Order, substantially in

the form of the proposed Order annexed hereto, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' chapter 11 cases.

## Background

1. Each of the respective Debtors are single asset real estate cases as that term is defined in the Bankruptcy Code. Each owns one piece of real property. In the case of Lucky Star, Flushing and Victoria, 41-60 Main Street LLC ("41-60") holds a security interest by virtue of its spreader mortgage. Thus, in the case of these three Debtors, it is more likely than not that a motion or motions filed in one case will likely have impact on the other case. In the case of each of the Debtors, their commonality of ownership also will likely result in a motion impacting each of the cases.

2. Lucky Star, Flushing and Victoria each filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code on October 30, 2020. In the case of QERC, it filed a voluntary petition for relief on November 3, 2020. Each of the Debtors remain in possession and control of its respective assets as debtors-in-possession. No trustee, examiner or official committee has been appointed in any of the pending cases.

## Relief Requested

3. By this Application, the Debtors seek the entry of an Order authorizing joint administration of these chapter 11 cases for procedural purposes only. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Lucky Star and that the cases be administered under the following consolidated caption:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                                                            Chapter 11

LUCKY STAR-DEER PARK LLC, et al,          Case No. 20-73301-reg

                                        Debtors.
---------------------------------------------------------X

4. The Debtors further request that an entry be made on the docket of each of the Debtor's cases, other than the Lucky Star case, substantially as follows: An Order has been entered in this case under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and the joint administration of the chapter 11 cases of Lucky Star-Deer Park LLC and its affiliated entities. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the docket of Lucky Star-Deer Park LLC, Case No. 20-73301-reg and such docket should be consulted for all matters affecting this chapter 11 case.

**Basis for Relief**

5. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against. . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Jeffrey Wu, the Debtors' principal, controls each of the Debtors. Thus, the common control makes these Debtors affiliates of each other. Accordingly, the Bankruptcy Rules authorize this Court to grant the relief requested herein.

6. Bankruptcy Rule 1015(b) promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. Among other things, joint administration obviates the need for duplicative notices, motions,

applications and orders, thereby saving considerable time and expense for the Debtors and their estates. Granting the requested relief shall promote the fair and efficient administration of these chapter 11 cases.

7. Section 105 of the Bankruptcy Code also provides the Court with the power to order joint administration of these chapter 11 cases. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

8. The Debtors anticipate that a substantial number of the applications and other pleadings in these chapter 11 cases will likely affect all of the Debtors. The failure to jointly administer the cases would result in numerous duplicative pleadings being served upon separate, but significantly overlapping, service lists. Such duplication of substantially similar documents would be unnecessarily wasteful. Joint administration will therefore ease the administrative burden on the Court and all parties-in-interest, and will reduce fees and costs by avoiding the filing of duplicative documents and notices in each of the Debtors' separate cases.

9. Joint administration will allow for the usage of one single docket for all of the Debtors' cases and combined notices to creditors of each of the Debtors' estates and other parties-in-interest. Doing so also protects the rights of creditors by ensuring that the parties-in-interest in each of the chapter 11 cases will be made aware of the various matters before the Court in each of the other related cases.

10. Finally, joint administration of these chapter 11 cases will not adversely affect the Debtors' respective creditors because this Application requests only administrative and not substantive consolidation of the Debtors cases. Thus, individual creditors' rights

will not be harmed in the event that the relief sought is granted. Rather, creditors will benefit from the cost reductions joint administration will provide. In addition, the proposed joint administration serves to provide parties-in-interest with a more complete understanding of the cases and the relative interaction by and amongst the parties.

11. Accordingly, the Debtors respectfully request that the Court grant the Application as joint administration is appropriate under the facts and circumstances presented.

WHEREFORE, the Debtors respectfully request that this Honorable Court enter an Order, substantially in the form of the proposed Order annexed hereto together with such other and further relief this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
December 2, 2020

                Rosen & Kantrow, PLLC
                Proposed Attorneys for the Debtors

BY:   <u>S/Fred S. Kantrow</u>
       Fred S. Kantrow
       38 New Street
       Huntington, New York 11743
       631 423 8527
       fkantrow@rkdlawfirm.com